IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | JURY TRIAL DEMANDED |
| REGIONS FINANCIAL CORPORATION, | § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

1.  This is an action under Title VII of the Civil Rights Act of 1964, as amended by Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination on the basis of race, Black, and to provide appropriate relief to Ava Mackey who was adversely affected by unlawful employment practices committed by Defendant Regions Financial Corporation ("Defendant"). While employed by Defendant, Ms. Mackey was subjected to different terms and conditions of employment because of her race and was terminated because of her race, Black.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

3.  Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Defendant has several branch locations in Houston,

Texas and in Harris County. Ms. Mackey is a resident of Houston, Texas and Harris County.

4. The employment practices alleged to be unlawful were committed in Defendant's Pearland, Texas location.

## PARTIES

5. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

6. At all relevant times, Defendant Regions Financial Corporation has continuously been a Delaware corporation doing business in the state of Texas. It continuously does business in the city of Houston and Harris County, Texas, and has continuously had at least 15 employees during relevant times. Regions Financial Corporation may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Suite No. 1050 Austin, Texas 78701.

7. At all relevant times, Defendant Regions Financial Corporation has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Ava Mackey filed a charge with the Commission alleging violations of Title VII by Regions Financial Corporation and all conditions precedent to the institution of this lawsuit have been fulfilled including the timely

filing of a charge and an attempt to conciliate the matter.

9. Since at least October 1, 2005, Defendant engaged in unlawful employment policies and practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

10. On or about September 1, 2005, Defendant hired Ms. Mackey as a Teller in its Pearland location. Ms. Mackey had been employed as a Teller with Defendant at its Gretna, Louisiana location since February 2004, but relocated to Houston because of Hurricane Katrina.

11. On or about September 16, 2005, Albert Maki, a customer, opened an account with a fraudulent check and then withdrew money from that account.

12. Ms. Mackey followed Defendant's standard banking procedure in opening the account.

13. After opening the account, Mr. Maki went to the bank a few times to withdraw monies from the account through two non-Black tellers and without showing any identification, which is a violation of company protocols.

14. After the bank discovered the check was fraudulent, the bank fired Ms. Mackey and Ms. Jones, who is also Black. The other employees were not fired, including one non-Black employee who had engaged in similar conduct in the past.

15. The effect of the practice complained of above has been to deprive Ms. Mackey of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, Black.

16. The unlawful employment practice of which the Commission complains in the preceding paragraphs was intentional.

17.     The unlawful employment practice complained of in the preceding paragraphs was done with malice or with reckless indifference to the federally protected rights of Ms. Mackey.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their race, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Ms. Mackey by providing appropriate backpay and by providing compensation for any other pecuniary losses, past and future, including out-of-pocket expenses such as job search expenses in amounts to be proved at trial.

D.     Order Defendant to provide Ms. Mackey compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

E.     Order other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

F.     Order Defendant to pay punitive damages, in amounts to be determined at trial, for

its malicious and reckless conduct.

  G. Award pre-judgment interest and post-judgment interest on all amounts recovered.

  H. Grant such relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

      Respectfully submitted,


      RONALD S. COOPER
      General Counsel

      JAMES LEE
      Deputy General Counsel

      GWENDOLYN YOUNG REAMS
      Associate General Counsel

      EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
      1801 L Street, N.W.
      Washington, D.C. 20507

      JAMES SACHER
      Regional Attorney

      */s/ Rudy L. Sustaita*
      RUDY L. SUSTAITA
      Senior Trial Attorney
      Attorney-in-Charge
      Admission I.D. No. 11850
      Texas Bar No. 19523560
      EQUAL EMPLOYMENT OPPORTUNITY
       COMMISSION
      Houston District Office

>1919 Smith Street, 7th Floor
>Houston, Texas 77002
>Telephone: (713) 209-3400
>Facsimile: (713) 209-3402